IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICKEY BROOKS,
ADC #108335                                                                                                        PLAINTIFF

v.                                                    5:09CV00016JLH/HLJ

LARRY NORRIS, et al.                                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC), has been granted leave to proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges defendants his procedural due process rights and his right to be free from cruel and unusual punishment as it relates to the computation of his sentence by the defendants. Plaintiff alleges defendants unconstitutionally extended his sentence and asks for damages, a re-computation of his sentence and immediate release from prison.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," , 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true.  See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984).  A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

     To the extent that plaintiff requests monetary damages based on the unlawfulness of his sentence, the Court finds that this portion of his claim must fail pursuant to Heck v. Humphrey, 512 U.S. 477, 486-7 (1994). In Heck, supra, the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of habeas corpus.  In this particular case, plaintiff is asking the Court to award him damages based on an allegedly illegally-computed sentence, and states that defendants have imposed a greater sentence on him than the one he originally received in state court.  Therefore, the Court finds that his complaint falls within Heck, supra.

     In addition, to the extent that plaintiff is challenging this unlawful computation and seeks re-computation and immediate release from prison, the Court finds that he is, in effect, challenging the length or duration of his confinement.  This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies.  See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991).  Plaintiff does not indicate in his complaint that such state remedies have been

pursued.

Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1), Plaintiff's complaint against defendants is hereby DISMISSED.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal taken from an Order and Judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 28th day of January, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge